Fred Norton
Bree Hann
Matthew W. Turetzky
THE NORTON LAW FIRM PC
299 Third Street, Suite 106
Oakland, California 94607
Tel: (510) 906-4900
Fax: (510) 906-4910
fnorton@nortonlaw.com
bhann@nortonlaw.com
mturetzky@nortonlaw.com

*Attorneys for Plaintiff*
TESLA, INC.

Mark R. Conrad (SBN 255667)
Gabriela Kipnis (SBN 284965)
CONRAD & METLITZKY LLP
Four Embarcadero Center, Suite 1400
San Francisco, California 94111
Tel: (415) 343-7100
Fax: (415) 343-7101
mconrad@conradmetlitzky.com
gkipnis@conradmetlitzky.com

*Attorneys for Defendant*
GUANGZHI CAO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

TESLA, INC., a Delaware corporation,

Plaintiff,

v.

GUANGZHI CAO, an individual,

Defendant.

Case Number: 3:19-CV-01463-VC

**JOINT CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER**

Date: July 10, 2019
Time: 10:00 a.m.
Place: 17th Floor, Courtroom 4
Judge: Hon. Vince Chhabria

The parties to the above-entitled action jointly submit this JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER pursuant to the *Standing Order for All Judges of the Northern District of California* and Civil Local Rule 16-9.

1. Jurisdiction & Service

This court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1331 because this matter involves claims under the Defend Trade Secrets Act ("DTSA"), 18 U.S.C. §§ 1836 *et seq.* This Court has supplemental jurisdiction over the remaining claims pursuant to 28 U.S.C. § 1367 as the remaining claims form part of the same case or controversy. There are no issues regarding personal jurisdiction or venue. All parties have been served.

2. Facts

Plaintiff's Statement:

On January 3, 2019, Defendant Guangzhi Cao quit his job at Tesla, where he was an engineer working on Tesla's highly advanced and extremely confidential Autopilot program. Mr. Cao left Tesla to do the same work for one of Tesla's competitors: Xiaopeng Motors Technology Company Ltd. (also known as XMotors). Before leaving Tesla, Mr. Cao downloaded complete copies of Tesla's Autopilot-related source code to his personal iCloud account. This included more than 300,000 files and directories, including the firmware, Autopilot, and neural network source code repositories.

Defendant claims he "has done precisely nothing with Tesla's IP." (See Defendant's statement, below.) Not so. Mr. Cao has conceded that he retained confidential Autopilot-related files and other Tesla confidential information after leaving Tesla and after joining XMotors. Before he left Tesla, Mr. Cao concealed his copying of highly confidential Autopilot-related files, never telling anyone at Tesla that he had downloaded complete copies of the Autopilot-related source code to his personal devices, and compressing the Autopilot-related files to .zip files to make them easier to transmit. Mr. Cao knew the value and confidentiality of Tesla's source code, yet nonetheless copied it to his personal cloud storage

account and accessed it across multiple personal devices, including after joining XMotors – all in violation of his confidentiality agreement with Tesla.

Tesla filed this lawsuit to compel the return of its valuable intellectual property and protect it from further exploitation.

Defendant's Statement:

This is a lawsuit about routine employee offboarding issues that could and should have been resolved by Tesla either through its own human resources or information technology policies, or alternatively, through a prelitigation letter raising the concerns that Tesla decided instead to raise in the first instance in a publicly-filed complaint. Despite the vague innuendo in Tesla's complaint (and in its recitation of the "facts" above) that its trade secrets are "at risk" and that Tesla "must learn what Cao has done with Tesla's IP," Dkt. No. 1 ¶ 8, the truth of this case is that Cao has done precisely nothing with Tesla's IP. Prior to his departure from Tesla, Cao diligently and earnestly attempted to remove any and all Tesla intellectual property and source code from his own personal devices. (It was a practice regularly followed by Tesla engineers and routinely condoned by its management for employees to place work-related information, including sensitive or confidential information, on their own personal devices.) To the extent that any source code or other confidential information remained on Cao's devices subsequent to his departure, it was only as a result of inadvertence. Following his separation from employment with Tesla, Cao did not access and has made no use whatsoever of any of the "Autopilot Trade Secrets" described in Tesla's complaint, and despite having had complete access to all of Cao's personal electronic devices for months since the outset of this litigation, Tesla does not and cannot suggest otherwise. Nor did Cao transfer any Autopilot Trade Secrets to XMotors or use such materials for the benefit of his new employer. Shortly after the filing of the complaint, Cao voluntarily offered to provide Tesla with complete forensic copies of any and all personal electronic devices that Tesla wished to inspect, and more than two months ago, the entire contents these electronic devices (along with the complete non-privileged contents of Cao's personal email accounts) were either made available to Tesla or actually produced to Tesla.

3. Legal Issues

Tesla has asserted four claims for relief: (1) misappropriation of trade secrets in violation of the federal DTSA; (2) misappropriation of trade secrets in violation of the California Uniform Trade Secrets Act ("CUTSA"); (3) breach of contract; and (4) breach of the duty of loyalty. Mr. Cao has not yet responded to the Complaint.

Defendant Cao states that, among other legal issues that may need to be addressed in this case, Tesla's claims will require the Court to address (i) the validity of the contracts on which Tesla has sued, including the nonsolicitation clauses that Tesla apparently includes as a matter of routine business practice in its employment contracts, and (ii) the reasonableness of the efforts that Tesla made to protect its putative "Autopilot Trade Secrets."

4. Motions

There are no motions pending. Mr. Cao's response to Tesla's Complaint is currently due on July 8, 2019.

5. Amendment of Pleadings

The parties do not anticipate amending the pleadings. Tesla is analyzing Mr. Cao's electronic devices to determine whether Tesla proprietary, confidential, or trade secret information was taken by Mr. Cao or distributed to third parties beyond what Tesla has already discovered from its internal investigation prior to filing the complaint. The parties request permission to jointly propose a deadline for the amendment of pleadings after Tesla's forensic review of Mr. Cao's electronic devices is complete.

6. Evidence Preservation

The parties certify that they have reviewed the ESI Guidelines and confirm that they met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action.

7. Disclosures

The parties have agreed to exchange initial disclosures no later than August 16, 2019.

8. Discovery

A protective order has been entered by the Court to govern the production and exchange of electronically stored and other information in this case, including source code and other claimed trade secret information, as well as the clawback of privileged information that may be inadvertently produced. Mr. Cao has provided Tesla with early discovery pursuant to stipulation. *See* Fed. R. Civ. P. 26(d)(1) ("A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except . . . by stipulation . . . ."). Specifically, he has produced:

- A subset of his electronic devices or digital images of such devices to Tesla for forensic analysis.
- His emails in his Gmail account.
- Consent for Tesla to obtain discovery from third parties XMotors.ai and Apple, Inc.

Third-party discovery:

- Non-party XMotors.ai has voluntarily produced to Tesla a digital image of Mr. Cao's work laptop.
- Tesla has issued a document subpoena to non-party Apple, Inc. with a return date of June 21, 2019.

Discovery scheduling:

- The parties have agreed to exchanging initial disclosures on August 16, 2019.

9. Class Actions

This is not a class action.

10. Related Cases

There are no related cases.

11. Relief

Tesla seeks preliminary and permanent injunctive relief (1) enjoining Mr. Cao from using any Tesla confidential and proprietary information to design, develop, or offer products or services in the autonomous driving industry, (2) enjoining Mr. Cao from soliciting any employee or contractor of Tesla to terminate their employment with Tesla for a period of one year following the termination of Mr. Cao's employment with Tesla, (3) requiring Mr. Cao to submit to auditing of his personal and work-related systems and accounts to monitor for unlawful retention or use of Tesla's confidential and proprietary information.

Tesla also seeks compensatory damages in an amount to be proven at trial.

Tesla also seeks prejudgment interest and recovery of attorneys' fees, costs, and expenses pursuant to 18 U.S.C. § 1836(b)(3)(D) and Cal. Civ. Code § 3426.4.

Defendant Cao denies that Tesla is entitled to any of the relief described above and seeks the entry of judgment in his favor and to recover his fees and costs in this litigation.

12. Settlement and ADR

The parties intend to explore and stipulate to an ADR process after Tesla has concluded its forensic analysis of Mr. Cao's electronic devices.

13. Consent to Magistrate Judge For All Purposes

The parties do not consent to have a magistrate judge conduct all further proceedings in this matter.

14. Other References

The parties agree that this matter is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15. Narrowing of Issues

Tesla's forensic analysis of Mr. Cao's electronic devices is underway. In the interim, Tesla does not anticipate that the issues can be narrowed by motion. Defendant Cao expects that some or all of the claims asserted by Tesla in this action may be amenable to disposition via motion practice, including under Rule 56.

16. Expedited Trial Procedure

This case should not be handled under Expedited Trial Procedure of General Order 64, Attachment A.

17. Scheduling

The parties offer the following competing proposed schedules for this matter:

| | Plaintiff Tesla, Inc.'s Proposed Schedule | Defendant Guangzhi Cao's Proposed Schedule |
|---|---|---|
| Initial disclosures | Fri., Aug. 16, 2019 | Fri., Aug. 16, 2019 |
| Deadline to amend pleadings | Monday, Sept. 2, 2019 | Monday, Sept. 2, 2019 |
| Further CMC | Weds., Nov. 20, 2019 | Weds., Nov. 20, 2019 |
| Fact discovery deadline | Fri., Jan. 24, 2020 | Fri., Feb. 28, 2020 |
| Expert report deadline for party with burden of proof | Mon., Jan. 27, 2020 | Fri., Mar. 27, 2020 |
| Expert report deadline for party opposing party with burden of proof[1] | Fri., Feb. 21, 2020 | Fri., Apr. 10, 2020 |
| Expert discovery deadline, including depositions | Fri., Mar. 6, 2020 | Fri., May 1, 2020 |

[1] A party may submit an opposing expert report only on the same subject as the expert report submitted by the party with the burden of proof.

| Motions for summary judgment | Fri., Mar. 20, 2020 | Per Civil L.R. 7-2(a) |
|---|---|---|
| Opposition to motions for summary judgment | Fri., Apr. 3, 2020 | Per Civil L.R. 7-3(a) |
| Reply briefs re summary judgment | Fri, Apr. 17, 2020 | Per Civil L.R. 7-3(c) |
| Dispositive motion hearing | Thurs., Apr. 30, 2020 at 10:00 a.m. | Thurs., July 16, 2020 at 10:00 a.m. |
| Pretrial conference | Mon., June 22, 2020 at 1:30 p.m. | Mon., Aug. 25, 2020 at 1:30 p.m. |
| Trial | July 6 to July 17, 2020 | Sept. 8, 2020 |

18. Trial

This case will be tried to a jury. The parties expect this trial to last two weeks.

19. Disclosure of Non-party Interested Entities or Persons

Plaintiff Tesla filed its certification on March 21, 2019. The contents of its certification are as follows:

- Pursuant to Rule 7.1 of the Federal Rules of Civil Procedure the undersigned attorneys of record for Plaintiff Tesla, Inc. ("Tesla") certify that Tesla has no parent corporation and that to Tesla's knowledge, no public corporation owns more than 10% of its stock.
- Pursuant to Civil L.R. 3-15, the undersigned certifies that as of this date, other than the named parties, there is no such interest to report.

Defendant Guangzhi Cao filed his certification on June 18, 2019. The contents of his certification are as follows:

- Pursuant to Civil L.R. 3-15, the undersigned certifies that as of this date, other than the named parties, there is no such interest to report.

20. Professional Conduct

All attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

21. Other

None.

Dated: July 3, 2019

/s/ Fred Norton

Fred Norton

Counsel for Plaintiff Tesla, Inc.

Dated: July 3, 2019

/s/ Mark Conrad

Mark Conrad

Counsel for Defendant Guangzhi Cao

[PROPOSED] CASE MANAGEMENT ORDER

The above JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER is approved as the Case Management Order for this case and all parties shall comply with its provisions.

IT IS SO ORDERED.

Dated:

VINCE CHHABRIA
UNITED STATES DISTRICT JUDGE