MARK R. CONRAD (CA Bar No. 255667)
GABRIELA KIPNIS (CA Bar No. 284965)
**CONRAD & METLITZKY LLP**
Four Embarcadero Center, Suite 1400
San Francisco, CA 94111
Tel:   (415) 343-7100
Fax:   (415) 343-7101
Email: mconrad@conradmetlitzky.com
Email: gkipnis@conradmetlitzky.com

Attorneys for Defendant GUANGZHI CAO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TESLA, INC., a Delaware corporation,<br><br>    Plaintiff,<br><br>  v.<br><br>GUANGZHI CAO, an individual,<br><br>    Defendant. | Case No. 3:19-cv-01463-VC<br><br>**ANSWER TO COMPLAINT BY DEFENDANT GUANGZHI CAO AND DEMAND FOR JURY TRIAL** |

Defendant Guangzhi Cao, by and through his attorneys at Conrad & Metlitzky LLP, hereby responds to the factual allegations contained in the Complaint as follows:

## SUMMARY OF THE ACTION

1. Mr. Cao admits that he was a member of Tesla's Autopilot team and that, as part of that team, he had access to Tesla's source code. Mr. Cao denies the characterization of Tesla's source code and other company information as "trade secrets" on the ground that it is a legal conclusion to which no response is required. Mr. Cao denies the allegations about Tesla's leadership in electric vehicles and its intellectual property portfolio on the ground that he lacks sufficient knowledge or information to admit or deny the allegations. Mr. Cao denies the remaining allegations in Paragraph 1 of the Complaint.

2. Mr. Cao denies the allegations in Paragraph 2 of the Complaint.

3. Mr. Cao admits, during his employment at Tesla, he uploaded Tesla files to his personal iCloud account and that he created zip files of Tesla's Autopilot-related source code, but otherwise denies the allegations in Paragraph 3 of the Complaint.

4. Mr. Cao admits that he had a verbal offer of employment from XMotors.ai, Inc. ("XMotors") on or around November 26, 2018; admits that he traveled to China between December 5 and 9, 2018; and admits that he received a written offer of employment from XMotors on or around December 12, 2018. Mr. Cao denies the remaining allegations in Paragraph 4 of the Complaint on the ground that he lacks sufficient knowledge or information to admit or deny the allegations.

5. Mr. Cao admits that he disconnected his personal iCloud account from his Tesla-issued computer on or around December 26. Mr. Cao further admits that, in connection with his employment at Tesla and as required in order to perform his ongoing job duties at Telsa, he continued logging into Tesla's networks between December 27 and January 1. Mr. Cao further admits that, prior to his separation from employment at Tesla, he cleared his browser history. Mr. Cao denies the remaining allegations in Paragraph 5 of the Complaint on the ground that he lacks sufficient knowledge or information to admit or deny the allegations.

6. Mr. Cao admits that at the time of his separation from employment with Tesla he did not disclose that he had previously made copies of Tesla files during his employment, but Mr. Cao alleges that Tesla never inquired about these materials, or any other confidential or trade secret information,

during his separation from employment with the Company, and further alleges that he made extensive efforts to delete and/or remove any such Tesla files prior to his separation from Tesla. Mr. Cao denies the remaining allegations in Paragraph 6 of the Complaint. Mr. Cao denies the remaining allegations in Paragraph 6 of the Complaint.

7. Mr. Cao denies the allegations in this paragraph relating to the alleged actions of other former Tesla employees on the ground that he lacks sufficient knowledge or information to admit or deny the allegations. Mr. Cao denies the remaining allegations in this Paragraph 7 of the Complaint.

8. Mr. Cao denies the allegations in Paragraph 8 of the Complaint on the ground that he lacks sufficient knowledge or information to admit or deny these allegations, all of which related to Tesla's own conduct and state of mind. Mr. Cao denies that any conduct by him has created any harm or risk of loss to Tesla.

## THE PARTIES

9. Mr. Cao admits, on information and belief, that Tesla is a Delaware company with its headquarters and principal place of business in Palo Alto, California.

10. Mr. Cao admits the allegations in Paragraph 10 of the Complaint.

## JURISDICTION AND VENUE

11. The allegations in this paragraph state legal conclusions to which no response is required, but Mr. Cao does not deny that the Court has jurisdiction over the claims asserted in this action.

12. Mr. Cao admits that he was employed by Tesla in Palo Alto and that he uploaded Tesla files, including Tesla source code, while he was working at Tesla's workplace in Palo Alto. Mr. Cao denies the remaining factual allegations pled by Tesla in Paragraph 12 of the Complaint. The remaining allegations in Paragraph 12 of the Complaint state legal conclusions to which no response is required, but Mr. Cao does not deny that this action is properly venued in the Northern District of California.

## FACTUAL BACKGROUND

13. Mr. Cao admits that Tesla's Autopilot offers the features described in Paragraph 13 of the Complaint and that Tesla recently introduced Navigate on Autopilot, which also contains the features described in Paragraph 13 of the Complaint. Mr. Cao denies the remaining allegations in Paragraph 13 of the Complaint on the ground that he lacks sufficient knowledge or information to admit or deny them.

14. Mr. Cao admits that Autopilot-enabled Tesla vehicles provide real-time feedback to Tesla's servers, yielding data that Tesla uses to improve the Autopilot system, but otherwise denies the allegations in Paragraph 14 of the Complaint on the ground that he lacks sufficient knowledge or information to admit or deny them.

15. Mr. Cao admits that Tesla has used multiple kinds of source code for its Autopilot features, which have included the firmware, Autopilot, and neural net source code repositories. Mr. Cao further admits that Tesla's firmware source code executes the core tasks described in Paragraph 15 of the Complaint; that Tesla's Autopilot source code executes the functions described in Paragraph 15 of the Complaint; and that Tesla's neural net source code operates as described in Paragraph 15 of the Complaint. Mr. Cao denies the remaining allegations in Paragraph 15 of the Complaint on the ground that they are either legal conclusions as to which no response is required or that he lacks sufficient knowledge or information to admit or deny these allegations.

16. Mr. Cao admits that certain aspects of Tesla's source code may reveal how Tesla has approached and solved problems in vehicle autonomy. Mr. Cao denies the remaining allegations in Paragraph 16 of the Complaint on the ground that they state a legal conclusion to which no response is required or on the ground that he lacks sufficient knowledge or information to admit or deny these allegations.

17. Mr. Cao admits that Tesla's self-driving functionality is primarily based on cameras and radar, without the use of LIDAR, and that certain aspects of Tesla's source code may reveal how Tesla has used camera and radar to solve problems in autonomous driving. Mr. Cao denies the remaining allegations in Paragraph 17 of the Complaint.

18. Mr. Cao admits that Tesla engineers have made changes to its source code based on Tesla's telemetry data. Mr. Cao denies the allegations regarding how a competitor might use Tesla's source code on the ground that he lacks sufficient knowledge or information to admit or deny the allegations, and Mr. Cao denies the remaining allegations in Paragraph 18 of the Complaint.

19. Mr. Cao admits that Tesla has made investments to improve its source code over time. Mr. Cao denies the allegations regarding how a competitor might use Tesla's source code on the ground that he lacks sufficient knowledge or information to admit or deny the allegations, and Mr. Cao denies

the remaining allegations in Paragraph 19 of the Complaint.

20. Mr. Cao denies the allegations in Paragraph 20 of the Complaint relating to Tesla's employment practices with respect to other employees on the ground that he lacks sufficient knowledge or information to admit or deny these allegations.

21. Mr. Cao admits, on information and belief, the allegations in Paragraph 21 of the Complaint.

22. Mr. Cao admits that Tesla's network and servers are password- and firewall-protected and are accessible only to current Tesla employees with proper credentials.  Mr. Cao denies the allegations in this paragraph relating to Tesla's protocols after employees resign or are terminated on the ground that he lacks sufficient knowledge or information to admit or deny these allegations and otherwise denies the remaining allegations in Paragraph 22 of the Complaint.

23. Mr. Cao admits that, as of recently, the Autopilot team is physically separated from the other employees at Deer Creek and that employees with approved access rights to the Autopilot team area must badge into the area and pass through a turnstile, but further admits that these factual allegations reflect modifications that were put in place only recently by Tesla and do not reflect the company's policies or practices throughout Mr. Cao's tenure at the company.  Mr. Cao denies the allegations in this paragraph relating to the security requirements for other Autopilot team members on the ground that he lacks sufficient knowledge or information to admit or deny these allegations, and Mr. Cao otherwise denies the remaining allegations in Paragraph 23 of the Complaint.

24. Mr. Cao admits that Tesla stores its source code on a Tesla-owned server, protected behind Tesla's firewall and that he had access to the types of code described in Paragraph 24 of the Complaint.  Mr. Cao denies the allegations relating to the access rights of Tesla's other employees on the ground that he lacks sufficient knowledge or information to admit or deny these allegations.  Mr. Cao denies the remaining allegations in Paragraph 24 of the Complaint

25. Mr. Cao admits that XMotors' first vehicle was the G3. Mr. Cao denies the remaining allegations in Paragraph 25 of the Complaint, including on the ground that he lacks sufficient knowledge or information to admit or deny these allegations.

26. Mr. Cao admits, on information and belief, that, in 2017, XMotors hired a former Tesla

1  Autopilot team member as its Vice President of Autonomous Driving.  Mr. Cao denies the allegations in
2  Paragraph 26 of the Complaint relating to the responsibilities of the aforementioned employee and
3  further denies the allegations relating XMotors' recruiting of Tesla's employees on the ground that he
4  lacks sufficient knowledge or information to admit or deny the allegations.  Mr. Cao otherwise denies
5  the remaining allegations in Paragraph 26 of the Complaint.

6       27.    Mr. Cao denies the factual allegations relating to the conduct of the former Apple
7  employee described in Paragraph 27 of the Complaint on the ground that he lacks sufficient knowledge
8  or information on which to admit or deny the allegations.  Mr. Cao denies the remaining allegations in
9  Paragraph 27 of the Complaint relating to his own conduct.

10      28.    Mr. Cao admits, on information and belief, that Tesla has written agreements with
11 employees related to the use of confidential information and further alleges that Exhibit A and Exhibit B
12 are documents that do not bear Mr. Cao's signature.  Mr. Cao denies the remaining allegations in
13 Paragraph 28 of the Complaint on the ground that he lacks sufficient knowledge or information to admit
14 or deny the allegations.

15      29.    Mr. Cao denies the allegations in Paragraph 29 of the Complaint on the ground that they
16 state legal conclusions to which no response is required and/or that the documents attached as Exhibit A
17 and Exhibit B to the Complaint speak for themselves.

18      30.    Mr. Cao admits that he started as a full-time employee at Tesla on April 24, 2017, as a
19 Staff Computer Vision Scientist, and that his work included the job duties described in Paragraph 30 of
20 the Complaint.  Mr. Cao further admits that Tesla hired him and assigned him to work, for a short period
21 of time, on a team that included another employee who left Tesla to become XMotors' Vice President of
22 Autonomous Driving.  Mr. Cao admits that he had access to some information that Tesla considers
23 confidential while he was working at Tesla.  Mr. Cao denies the allegations in in Paragraph 30 of the
24 Complaint relating to the foundation for Tesla's self-driving technologies on the ground that he lacks
25 sufficient knowledge or information to admit or deny the allegations. Mr. Cao denies the remaining
26 allegations in Paragraph 30 of the Complaint related to Tesla's "confidential information" or "trade
27 secrets" on the ground that these allegations contain legal conclusions to which no response is required.

28      31.    Mr. Cao admits that he used his personal iCloud account to create backup copies of

certain Tesla information in 2018. Mr. Cao denies remaining allegations in Paragraph 31 of the Complaint, including on the ground that they are legal conclusions to which no response is required and/or that he lacks sufficient knowledge or information on which to admit or deny the allegations, and otherwise denies the remaining allegations in Paragraph 31 of the Complaint.

32. Mr. Cao admits that he create .zip files containing Autopilot source code in late 2018. Mr. Cao further admits that he had a verbal offer of employment from XMotors by November 26, 2018 and that he traveled to China between December 5 and 9, 2019. Mr. Cao denies the remaining allegations in Paragraph 32 of the Complaint, including on the ground that he lacks sufficient knowledge or information to admit or deny the allegations, and otherwise denies the remaining allegations in Paragraph 32 of the Complaint.

33. Mr. Cao admits the allegations in Paragraph 33 of the Complaint.

34. Mr. Cao admits that he disconnected his personal iCloud account from his Tesla-issued computer on or around December 26. Mr. Cao further admits that, in connection with his employment at Tesla and as required in order to perform his ongoing job duties at Telsa, he continued logging into Tesla's networks between December 27 and January 1. Mr. Cao further admits that he deleted certain files stored on his Tesla computer and cleared his web browser history prior to his separation from employment with Tesla but denies that any of this activity constitutes any kind of "misconduct." Mr. Cao further denies the allegations in Paragraph 34 of the Complaint relating to the number of deleted files deletions or Tesla's awareness of the acts described in Paragraph 33 of the Complaint on the ground that he lacks sufficient knowledge or information to admit or deny these allegations. Mr. Cao denies the remaining allegations in Paragraph 34 of the Complaint.

35. Mr. Cao admits that at the time of his separation from employment with Tesla he did not disclose that he had previously made copies of Tesla files during his employment, but Mr. Cao alleges that Tesla never inquired about these materials, or any other confidential or trade secret information, during his separation from employment with the Company, and further alleges that he made extensive efforts to delete and/or remove any such Tesla files prior to his separation from Tesla. Mr. Cao denies the remaining allegations in Paragraph 6 of the Complaint. Mr. Cao denies the remaining allegations in Paragraph 35 of the Complaint.

36. Mr. Cao admits that, since his departure from Tesla, at least one other Tesla employee has accepted an offer of employment at XMotors. Mr. Cao denies the remaining allegations in Paragraph 36 of the Complaint on the ground that he lacks sufficient knowledge or information on which to admit or deny these allegations.

37. Mr. Cao admits that he is now developing and delivering autonomous driving technologies for production cars. Mr. Cao denies the remaining allegations in Paragraph 37 of the Complaint.

38. Mr. Cao denies the allegations, including on the ground that the remaining allegations in Paragraph 38 of the Complaint assert legal conclusions to which no response is required and, to the extent that the allegations pertain to Telsa's characterization of its technology portfolio, Mr. Cao denies these allegations on the ground that he lacks sufficient knowledge or information on which to admit or deny these allegations.

**FIRST CLAIM FOR RELIEF**

39. In response to Paragraph 39 of the Complaint, Mr. Cao incorporates his responses to Paragraphs 1 to 38 above.

40. Mr. Cao denies the allegations in this paragraph, including on the ground that they are legal conclusions to which no response is required.

41. Mr. Cao denies the allegations in this paragraph, including on the ground that they are legal conclusions to which no response is required.

42. Mr. Cao denies the allegations in this paragraph, including on the ground that they are legal conclusions to which no response is required.

43. Mr. Cao denies the allegations in this paragraph, including on the ground that they are legal conclusions to which no response is required.

44. Mr. Cao denies the allegations in this paragraph, including on the ground that they are legal conclusions to which no response is required.

45. Mr. Cao denies the allegations in Paragraph 45 of the Complaint.

46. Mr. Cao denies the allegations in this paragraph, including on the ground that they are legal conclusions to which no response is required.

47. Mr. Cao denies the allegations in this paragraph, including on the ground that they are legal conclusions to which no response is required.

48. Mr. Cao denies the allegations in this paragraph, including on the ground that they are legal conclusions to which no response is required.

## **SECOND CLAIM FOR RELIEF**

49. In response to Paragraph 49 of the Complaint, Mr. Cao incorporates his responses to Paragraphs 1 to 48 above.

50. Mr. Cao denies the allegations in this paragraph, including on the ground that they are legal conclusions to which no response is required.

51. Mr. Cao denies the allegations in this paragraph, including on the ground that they are legal conclusions to which no response is required.

52. Mr. Cao denies the allegations in this paragraph, including on the ground that they are legal conclusions to which no response is required.

53. Mr. Cao denies the allegations in this paragraph, including on the ground that they are legal conclusions to which no response is required.

54. Mr. Cao denies the allegations in this paragraph, including on the ground that they are legal conclusions to which no response is required.

55. Mr. Cao denies the allegations in this paragraph, including on the ground that they are legal conclusions to which no response is required.

56. Mr. Cao denies the allegations in Mr. Cao denies the allegations in Paragraph 56 of the Complaint.

57. Mr. Cao denies the allegations in this paragraph, including on the ground that they are legal conclusions to which no response is required.

58. Mr. Cao denies the allegations in this paragraph, including on the ground that they are legal conclusions to which no response is required.

59. Mr. Cao denies the allegations in this paragraph, including on the ground that they are legal conclusions to which no response is required.

**THIRD CLAIM FOR RELIEF**

60. In response to Paragraph 60 of the Complaint, Mr. Cao incorporates his responses to Paragraphs 1 to 59 above.

61. Mr. Cao denies the allegations in this paragraph, including on the ground that they are legal conclusions to which no response is required.

62. Mr. Cao denies the allegations in this paragraph, including on the ground that they are legal conclusions to which no response is required.

63. Mr. Cao denies the allegations in this paragraph, including on the ground that they are legal conclusions to which no response is required.

64. Mr. Cao denies the allegations in this paragraph, including on the ground that they are legal conclusions to which no response is required.

**FOURTH CLAIM FOR RELIEF**

65. In response to Paragraph 65 of the Complaint, Mr. Cao incorporates his responses to Paragraphs 1 to 64 above.

66. Mr. Cao denies the allegations in this paragraph, including on the ground that they are legal conclusions to which no response is required.

67. Mr. Cao denies the allegations in this paragraph, including on the ground that they are legal conclusions to which no response is required.

68. Mr. Cao denies the allegations in this paragraph, including on the ground that they are legal conclusions to which no response is required.

69. Mr. Cao denies the allegations in this paragraph, including on the ground that they are legal conclusions to which no response is required.

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

**(Failure to State a Claim)**

The Complaint fails to state facts sufficient to constitute any cause of action.

## SECOND AFFIRMATIVE DEFENSE

### (Good Faith)

Defendant acted with both subjective and objective good faith, such that any claim for relief that Plaintiff may have is barred by law.

## THIRD AFFIRMATIVE DEFENSE

### (No Injury)

Plaintiff's Complaint and each and every cause of action contained therein are barred in whole or in part because Plaintiff has not been damaged in any sum or sums, or otherwise, or at all, by reason of any act or omission of Defendant.

## FOURTH AFFIRMATIVE DEFENSE

### (No Irreparable Harm)

Plaintiff's Complaint fails to state facts sufficient to state a claim for injunctive relief, including the existence of irreparable harm.

## FIFTH AFFIRMATIVE DEFENSE

### (Adequate Remedy at Law)

Plaintiff's Complaint fails to state facts sufficient to state a claim for recovery of equitable relief because of the existence of an adequate remedy at law.

## SIXTH AFFIRMATIVE DEFENSE

### (Proximate Cause)

The Complaint is barred in whole or in part because Plaintiff did not suffer any cognizable damage or other harm as a proximate result of any alleged act or omission of Defendant.

## SEVENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

Plaintiff is barred, in whole or in part, from recovering any damages, or any recovery of damages must be reduced, excused and/or discharged by virtue of Plaintiff's failure to exercise reasonable diligence to mitigate its alleged damages.

## EIGHTH AFFIRMATIVE DEFENSE

### (Estoppel)

By reason of Plaintiff's own acts and omissions, Plaintiff is estopped from seeking any recovery from Defendant by reason of the allegations set forth in the Complaint.

## NINTH AFFIRMATIVE DEFENSE

### (Laches)

The Complaint and each purported cause of action alleged therein are barred, in whole or in part, by the equitable doctrine of laches.

## TENTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

The Complaint and each purported cause of action alleged therein are barred, in whole or in part, by the equitable doctrine of unclean hands.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Invalidity of Contract)

Plaintiff's Third Claim for Relief for Breach of Contract is barred on the ground that the contractual terms allegedly breached by Defendant are void and unenforceable under California law, either in whole or in part, and either on their face or as applied to Defendant.

## **ADDITIONAL AFFIRMATIVE DEFENSES**

Defendant presently has insufficient knowledge or information on which to form a belief as to whether he may have additional, as yet unstated, defenses available.  Defendant reserves the right to assert additional defenses in the event that discovery indicates that they would be appropriate.

WHEREFORE, Defendant prays for judgment in his favor and against Plaintiff as follows:

1. That Plaintiff take nothing by way of the Complaint;
2. That the Complaint be dismissed with prejudice;
3. That Defendant recover his costs of suit herein, including attorneys' fees; and
4. For such other relief as is just and proper.

## DEMAND FOR JURY TRIAL

Defendant Guangzhi Cao hereby demands a trial by jury of all issues so triable.

DATED: July 8, 2019

Respectfully submitted,

CONRAD & METLITZKY LLP

*/s/ Mark R. Conrad*
MARK R. CONRAD
GABRIELA KIPNIS
Attorneys for Defendant Guangzhi Cao