# EXHIBIT B

ZHENG LIU (SBN: 229311)
zheng.liu@rimonlaw.com
RIMON P.C.
800 Oak Grove Avenue Suite, 250
Menlo Park, California   94025
Telephone/Facsimile: (650) 461-4433

SCOTT R. RABER (SBN 194924)
scott.raber@rimonlaw.com
RIMON P.C.
One Embarcadero Center, Suite 400
San Francisco, California   94111
Telephone:  415.683.5472
Facsimile:   800.930.7271

Attorneys for Third Party XMOTORS.ai. INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| TESLA, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>GUANGZHI CAO, an individual<br><br>Defendant. | Case No. 19-cv-01463-VC<br><br>**THIRD PARTY XMOTORS.ai. INC.'S OBJECTIONS AND RESPONSES TO PLAINTIFF TESLA, INC.'S SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION** |

Pursuant to Rule 45 of the Federal Rules of Civil Procedure Third Party XMotors.ai Inc. ("XMotors") states its objections to Plaintiff's Subpoena to Produce Document, Information, or Objects or to Permit Inspection of Premises in a Civil Action ("Subpoena") to XMotors.ai, which was served on November 6, 2019.

## PRELIMINARY STATEMENT

1. XMotors has attempted in good faith to respond to the Subpoena. These responses are based on information currently available. XMotors is continuing its efforts to locate documents potentially responsive to the Subpoena, and will produce such documents, if any, within a reasonable time frame and following a good faith meet and confer.

2. XMotors reserves the right to change or supplement these responses if different or additional responsive information is forthcoming.

3. To the extent XMotors adopts any term or definition that appears in the Subpoena, the term or definition is adopted solely for convenience and solely for purposes of a particular Response, and XMotors does not accept or concede that any such terms or definitions are accurate. Further, XMotors' response may not be interpreted as conceding the truth of any factual or legal assertion or implication contained in the Subpoena.

## GENERAL OBJECTIONS

1. XMotors objects to each document request to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product privilege, the common interest privilege, or any other privilege (with "privilege" for the purpose of this response being defined broadly to include doctrines, protections, immunities, and any other legal principle that functions similarly to a privilege even if technically named something else). XMotors will provide information that it believes is non-privileged and is otherwise properly discoverable. By providing such information, XMotors does not waive any privilege. To the extent that a document request may be construed as seeking such privileged information, XMotors hereby claims such privilege. The fact that XMotors may specifically

object to a particular document request on the ground that it seeks privileged documents or information shall not be deemed a waiver of any privilege with respect to any other document request.

2. XMotors objects to the document requests to the extent they are vague and/or ambiguous. Where possible, XMotors will make reasonable assumptions as to the intended meaning and will respond accordingly, while preserving its objections as to vagueness and/or ambiguity.

3. XMotors objects to the document requests to the extent they are overbroad, unduly burdensome, or harassing and/or seek documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

4. XMotors objects to the document requests to the extent they seek documents that are publicly available and/or within Defendant's possession, custody, or control and/or are equally available to Defendant.

5. XMotors objects to the document requests to the extent they purport to require XMotors to produce documents not within its possession, custody, or control.

6. XMotors objects to the document requests to the extent any one or more of them is repetitive and/or duplicative. XMotors will produce documents only once.

7. XMotors objects to the Subpoena on the ground it is unduly burdensome on XMotors, a non-party, and purports to impose significant expense upon XMotors. *See, e.g., Legal Voice v. Stormans, Inc.*, 738 F.3d 1178, 1184-1185 (9th Cir. 2013). Plaintiff's Subpoena fails to take reasonable steps to avoid imposing undue burden or expense upon XMotors.

8. XMotors objects to the Subpoena to the extent that it seeks documents that would be within the custody or control of parties to this action, and thus can be and should be obtained directly from the parties rather than from XMotors – a non-party. *See, e.g., Soto v. Castlerock Framing & Transport, Inc.*, 282 F.R.D. 492, 505 (E.D. Cal. 2012); *Nidec Corp. v. Victor Co. of* Japan, 249 F.R.D. 575, 577 (N.D. Cal. 2007). XMotors should not be required to incur the expense of producing documents that can be obtained from the parties. Thus, XMotors objects to the production of any documents that can be more conveniently obtained from, or less expensively obtained from, the parties.

9. To the extent that XMotors is subsequently required to produce documents in response to

the Subpoena, XMotors will produce such documents only upon simultaneous payment of its reasonable costs in responding to the Subpoena.

10. In producing documents in response to the Subpoena, XMotors does not intend to waive any privilege or objection in the above-captioned action or in any other actions, including, but not limited to, any objection to the competency, relevance, materiality, or admissibility of any of the Requests, XMotors' responses thereto, or their subject matter. Further, no admissions (incidental, implied, or otherwise) are intended by any such responses, including, without limitation, that any statement or characterization in any of the Requests is accurate or complete. In addition, the fact that XMotors may respond to any of the Requests should not be taken as an admission that XMotors accepts or admits the existence of any documents, things, or matters presumed by such Requests. The fact that XMotors may respond to part or all of the Requests is not intended to be, and shall not be construed to be, a waiver by XMotors of any part of any objection to any such Request.

11. XMotors objects to the document requests to the extent they seek confidential information protected from disclosure under common law, statutory or constitutional rights to privacy. XMotors will produce documents containing such information pursuant to the terms of the protective order entered by the Court in this matter.

12. XMotors objects to the document requests to the extent they seek documents or information that is the subject of a confidentiality agreement, non-disclosure agreement, or order involving persons and entities that are not parties to the pending proceedings. XMotors will produce such documents, if any, only upon agreement of the relevant third party(ies) or an order from the Court.

13. XMotors objects to the document requests to the extent they call for production of electronically stored information ("ESI") from any source that is not reasonably accessible, including without limitation computer and network activity logs; data on hard drives; backup data; data on removable; computer storage media such as tapes, disks, and cards; and data within databases that cannot be extracted in the form requested without customer programming.

14. XMotors objects to the document requests to the extent they specify the time and manner of production. XMotors will produce documents as soon as reasonably practicable, in a manner designed

1  to maximize efficiency for all parties.

2      15.    XMotors incorporates by reference all of these general objections into each specific
3  response below.

## OBJECTIONS TO DEFINITIONS

5      1.    XMotors objects to the definition of "XMotors" insofar as it purports to include
6  additional persons, corporate entities, or affiliates of XMotors that are not under XMotors' control
7  and/or are wholly separate entities.

8      2.    XMotors objects to the definition "PERSON" insofar as that definition purports to
9  include individuals, persons, firms, associations, partnerships, organizations, joint ventures, businesses,
10 trusts, limited liability companies, corporations, or other entities that are not subject to XMotors'
11 control.

## RESPONSES AND OBJECTIONS TO REQUESTS FOR PRODUCTION

13 **Request No. 1:** Forensic images of all electronic devices that XMOTORS provided to Guangzhi Cao for
14 his use while employed at XMOTORS.

15 **RESPONSE TO REQUEST NO. 1:**

16     Subject to the general objections above, XMotors has produced an image of the work laptop
17 XMotors provided to Dr. Cao to Tesla early in June 2019.

18 **Request No. 2:** All WeChat messages between Guangzhi Cao and any PERSON from June 1, 2018 to
19 present.

20 **RESPONSE TO REQUEST NO. 2:**

21     XMotors objects to this request as overly broad, burdensome, and not reasonably calculated to
22 lead to the discovery of admissible evidence. XMotors further objects to this request to the extent it
23 seeks information regarding Dr. Cao communications with XMotors representatives related to this
24 litigation which are protected by the joint defense privilege. XMotors further objects to this request to
25 the extent it seeks private communications between Dr. Cao and others to which XMotors has no access
26 or control. XMotors further objects to this request as Tesla, not XMotors, has the images of Dr. Cao's
27 personal devices since May 2019 thus such information is in the possession and control of Tesla, not

28

XMotors. XMotors has also produced WeChat messages between Dr. Cao and XMotors employees Judy Cheng and Xinzhou Wu from their initial conversation until March 21, 2019, the day the lawsuit was filed. XMotors has also produced WeChat messages where Dr. Cao was part of a few WeChat groups among XMotors and Xiaopeng employees for work purposes.

Subject to the general and specific objections above, XMotors has produced and will produce any WeChat messages pertaining to Tesla, Autopilot, or Dr. Cao's work performed for XMotors that are in its possession, custody or control.

**Request No. 3:** All emails sent or received by Guangzhi Cao using any XMOTORS email account, from January 1, 2019, to present concerning TESLA, AUTOPILOT, or the work performed by Guangzhi Cao for XMOTORS.

**RESPONSE TO REQUEST NO. 3:**

XMotors objects to this request as overly broad, burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. XMotors further objects to this request to the extent it seeks information regarding Dr. Cao communications with XMOTORS representatives related to this litigation which are protected by the joint defense privilege. XMotors further objects to this request because it produced to Tesla in August 2019 all emails, from both Dr. Cao's XMotors email account and Xiaopeng email account, between Dr. Cao and his co-workers from the day he started his work and the day the lawsuit was filed March 21, 2019. Afterwards, Dr. Cao either had no or restricted access to his work emails or was on leave.

Subject to the general and specific objections above, XMotors has produced and will produce any additional, responsive, non-privileged emails in its possession, custody or control following a diligent search and inquiry.

**Request No. 4:** All emails between Guangzhi Cao (using any non-XMOTORS email accounts, including but not limited to guangzhicao@gmail.com) and any PERSON then employed by XMOTORS, from January 1, 2018 to present.

**RESPONSE TO REQUEST NO. 4:**

XMotors objects to this request as overly broad, burdensome, and not reasonably calculated to

lead to the discovery of admissible evidence. XMotors further objects to this request to the extent it seeks information regarding Dr. Cao communications with XMOTORS representatives related to this litigation which are protected by the joint defense privilege. XMotors further objects to this request because Tesla has had access to all Dr. Cao's personal emails accounts, Dr. Cao's personal devices, and Dr. Cao's work laptop for several months. Tesla, not XMotors, has possession or control of the information requested. XMotors has also produced to Tesla in August 2019 all the emails between Dr. Cao and his co-workers in both his XMotors and Xiaopeng email accounts.

Subject to the general and specific objections above, XMotors has produced and will produce any responsive, non-privileged emails in its possession, custody and control following a diligent search and inquiry.

**Request No. 5:** All Dingtalk messages between Guangzhi Cao and any PERSON, from January 1, 2019 to present, concerning TESLA, AUTOPILOT, or the work performed by Guangzhi Cao for XMOTORS.

**RESPONSE TO REQUEST NO. 5:**

XMotors objects to this request as overly broad, burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. XMotors further objects to this request to the extent it seeks information regarding Dr. Cao communications with XMOTORS representatives related to this litigation which are protected by the joint defense privilege. XMotors further objects to this request because Tesla has had access to Dr. Cao's work laptop, on which the Dingtalk messages are resided, for several months. Tesla has possession of the information requested.

Subject to the general and specific objections above, XMotors will produce responsive, non-privileged Dingtalk messages that are still available on the work laptops of Dr. Cao's team members and any direct report(s).

**Request No. 6:** All DOCUMENTS concerning Guangzhi Cao created or modified before January 14, 2019, including but not limited to communications between YOU and Guangzhi Cao and YOUR DOCUMENTS and communications about Guangzhi Cao.

**RESPONSE TO REQUEST NO. 6:**

XMotors objects to this request as overly broad, burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to the general and specific objections above, XMotors will produce responsive, non-privileged communications and documents in its possession, custody and control.

**Request No. 7:** DOCUMENTS sufficient to describe the compensation of any kind (including salary, other monetary compensation, equity, and benefits of any kind) XMOTORS provides to employees whose job functions include technical or engineering work on XMOTORS' autonomous driving technology.

**RESPONSE TO REQUEST NO. 7:**

XMotors objects to this request as overly broad, burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. XMotors further objects to this request insofar as it calls for confidential, private information that is protected from disclosure under the California Constitution, common law, and statutory rights to privacy.

Subject to the general and specific objections above, XMotors will produce non-privileged, anonymized documents sufficient to demonstrate compensation information for XMotors employees with positions and experience levels comparable to or higher than that of Dr. Cao.

**Request No. 8:** DOCUMENTS sufficient to describe the compensation of any kind (including salary, other monetary compensation, equity, and benefits of any kind) XMOTORS provided to employees with the job title "Head."

**RESPONSE TO REQUEST NO. 8:**

XMotors objects to this request as overly broad, burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. XMotors further objects that the word "Head" is vague and ambiguous. XMotors further objects to this request insofar as it calls for confidential, private information that is protected from disclosure under the California Constitution, common law, and statutory rights to privacy.

Subject to the general and specific objections above, XMotors will produce non-privileged,

anonymized documents sufficient to demonstrate compensation information for XMotors employees with positions and experience levels comparable to or higher than that of Dr. Cao.

**Request No. 9:** DOCUMENTS sufficient to IDENTIFY everything of value XMOTORS has provided to Guangzhi Cao, including but not limited to cash compensation, restricted stock units (RSUs), other securities, mortgage assistance, student loan repayment, and in-kind compensation, such as a car.

**RESPONSE TO REQUEST NO. 9:**

XMotors objects to this request as overly broad, burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  XMotors further objects to this request to the extent Tesla already has received such information from Dr. Cao.  XMotors further objects to this request insofar as it calls for confidential, private information that is protected from disclosure under the California Constitution, common law, and statutory rights to privacy.

Subject to the above general and specific objections, XMotors will produce documents sufficient to establish Dr. Cao's total compensation package.

**Request No. 10:** All presentations that Guangzhi Cao authored or contributed to between January 14, 2019 and the present.

**RESPONSE TO REQUEST NO. 10:**

XMotors objects to this request as overly broad, burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  XMotors further objects to this request to the extent Tesla already has received such information from Dr. Cao.  XMotors further objects to this request because all such presentations, if any, are contained in Dr. Cao's work emails XMotors produced, and/or on his work laptop, which Tesla has an image.

Subject to the above general and specific objections, XMotors has already produced, and will produce, any presentation Dr. Cao authored or contributed insofar as any additional documents are located in response to this request.

**Request No. 11:** All source code that Guangzhi Cao authored or contributed to between January 14, 2019 and the present.

**RESPONSE TO REQUEST NO. 11:**

XMotors objects to this request as overly broad, burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. XMotors states that Dr. Cao did not author or contribute to any source code from January 14, 2019 to present and therefore has no documents responsive to this request.

**Request No. 12:** All DOCUMENTS discussing or incorporating TESLA's AUTOPILOT technology created or modified between November 1, 2018 and the present.

**RESPONSE TO REQUEST NO. 12:**

XMotors objects to this request as overly broad, burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. XMotors further objects to this request to the extent Tesla already has received such information from Dr. Cao. XMotors further objects to this request because all such documents, if any, are contained in Dr. Cao's work emails XMotors produced, and/or on his work laptop, which Tesla has an image. XMotors states that it has previously conducted an internal search and discovered no documents responsive to this request except for any such documents contained within the emails already produced to Tesla.

Subject to the general and specific objections above, XMotors will conduct additional searches for and produce responsive documents referring either to Dr. Cao and Tesla or Dr. Cao and AUTOPILOT that were created or modified between November 1, 2018 and the present.

**Request No. 13:** All DOCUMENTS mentioning the following PERSONS, created or modified between June 1, 2018 and the present:

- Abhishek Bhatia
- Adithya Ganesh
- Aimee Pham
- Akshay Khatri
- Albert Haque
- Amani Peddada
- Andrew Lavin

1. - Andrew Luo
2. - Ankit Bhagatwala
3. - Ashok Elluswamy
4. - Bharath Comandur
5. - Cameron Schaeffer
6. - Chris Payne
7. - Dhaval Shroff
8. - Enliang Zheng
9. - Fabio Aguilera-Convers
10. - Farzad Khorasani
11. - Frank Havlak
12. - Gang Pan
13. - Hon Leung Lee
14. - Hsin-I Chen
15. - I-Te Hung
16. - James Musk
17. - Joe Polin
18. - John Emmons
19. - Junli Gu
20. - Kate Park
21. - Kevin Chin
22. - Lane McIntosh
23. - Mahdi Abavisani
24. - Matthew Bauch
25. - Micael Carvalho
26. - Milan Kovac
27. - Neil Wadhvana
28. 

11

XMOTORSai. INC.'S OBJECTIONS & RESPONSES TO PLAINTIFF'S SUBPOENA

- Nikhil Nakhate
- Philip Lee
- Remi Cadene
- Russell Kaplan
- Sanjeev Satheesh
- Sara Miller
- Scott Gray
- Simon Hewat
- Steve Hu
- Swupnil Sahai
- Tae Eun Choe
- Tal Stramer
- Tianjun Xiao
- Vaibhav Dedhia
- Vincent Chen
- Xiaolin Lin
- Xujie Zhang
- Yilin Yang
- Yong-Dian Jian
- Yongxi Lu
- Yue Wu
- Yushi Wang
- Yutian Li
- Zhenhua Yu

**RESPONSE TO REQUEST NO. 13:**

XMotors objects to this request as overly broad, burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. XMotors further objects to this request insofar as it calls for confidential, private information that is protected from disclosure under the California Constitution, common law, and statutory rights to privacy.

**Request No. 14:** DOCUMENTS sufficient to identify the PERSONS to whom Guangzhi Cao has directly reported at XMOTORS and all PERSONS who have directly or indirectly reported to Guangzhi Cao at XMOTORS.

**RESPONSE TO REQUEST NO. 14:**

XMotors objects to this request as overly broad, burdensome, irrelevant to the issue of this case and unlikely to obtain discoverable information.

Subject to the above general and specific objections, XMotors will produce an organizational chart or other document sufficient to identify team members for the team in which Dr. Cao was working from January 14, 2019 to March 21, 2019.

1 | DATED: December 4, 2019

RIMON, P.C.

By: /s/ Zheng Liu
Zheng Liu (SBN 229311)
zheng.liu@rimonlaw.com
RIMON P.C.
800 Oak Grove Avenue, Suite 250
Menlo Park, California 94025
Telephone/Facsimile: 650.461.4433

SCOTT R. RABER (SBN 194924)
scott.raber@rimonlaw.com
RIMON P.C.
One Embarcadero Center, Suite 400
San Francisco, California   94111
Telephone: 415.683.5472
Facsimile:   800.930.7271

Attorneys for Third Party
XMOTORS.ai. INC.

# PROOF OF SERVICE

I, Zheng Liu, am over the age of 18 and not a party to this action. My place of business is 800 Oak Grove Avenue, Suite 250, Menlo Park, CA 94025. On December 4, 2019, I served the following attached document(s):

1. **THIRD PARTY XMOTORS.ai. INC.'S OBJECTIONS AND RESPONSES TO PLAINTIFF TESLA, INC.'S SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

on the person(s) listed below in the following manner/s:

[X]  **BY ELECTRONIC MAIL.** I sent the persons below copies of the documents via electronic mail at the email addresses below.

The following party was served the above-referenced document(s):

Fred Norton (SBN 224725)
fnorton@nortonlaw.com
Bree Hann (SBN 215695)
bhann@nortonlaw.com
Matthew W. Turetzky (SBN 280997)
mturetzky@nortonlaw.com
THE NORTON LAW FIRM PC
299 Third Street, Suite 106
Oakland, California 94607
Telephone: 510.906.4900
Facsimile: 510.906.4910

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

DATED: December 4, 2019                    /s/ Zheng Liu
                                            Zheng Liu