MARK R. CONRAD (CA Bar No. 255667)
GABRIELA KIPNIS (CA Bar No. 284965)
**CONRAD & METLITZKY LLP**
Four Embarcadero Center, Suite 1400
San Francisco, CA 94111
Tel:   (415) 343-7100
Fax:   (415) 343-7101
Email: mconrad@conradmetlitzky.com
Email: gkipnis@conradmetlitzky.com

Attorneys for Defendant GUANGZHI CAO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TESLA, INC., a Delaware corporation, <br><br> Plaintiff, <br><br> v. <br><br> GUANGZHI CAO, an individual, <br><br> Defendant. | CASE NO. 3:19-cv-01463 <br><br> **RESPONSE BY DEFENDANT GUANGZHI CAO TO PLAINTIFF TESLA, INC.'S ADMINISTRATIVE MOTION TO FILE CERTAIN DOCUMENTS UNDER SEAL** |

1  This brief responds to the pending administrative motion to seal by Plaintiff Tesla, Inc. ("Tesla"). *See* ECF No. 46.  For the reasons set forth below, Defendant Guangzhi Cao ("Cao") respectfully requests that the Court seal only a miniscule portion of the materials submitted in connection with Tesla's opposition brief—specifically, the personally and commercially sensitive and confidential financial information related to the compensation package he received in connection with his offer of employment from third party XMotors.ai, Inc. ("XMotors").  The specific materials requested to be sealed are found on three lines of Tesla's opposition brief (*see* ECF No. 46-4 at 5:17-19) and in six lines of deposition testimony of Dr. Cao (*see* ECF No. 46-8 at 222: 16-21).

I.  BACKGROUND

This is a case involving allegations of trade secret misappropriation related to Tesla's autopilot source code.  ECF No. 1.  This motion stems from a subpoena to nonparty XMotors.

Although XMotors responded to an initial subpoena from Tesla in this matter, it has filed a motion to quash a second subpoena that Tesla served on it.  ECF No. 44.  Tesla then filed opposition papers containing or referring to material that had been designated for protection pursuant to the terms of the protective order previously entered by the Court in this case, including material and information derived from Dr. Cao's personal electronic devices.  ECF No. 46-49.  These opposition papers included materials referring to data found on Dr. Cao's personal electronic devices (which, the parties agreed at the outset of the case, to treat in their entirety as subject to protection under the Court's protective order, in order to facilitate Dr. Cao's cooperation with Tesla's investigation and allow a forensic inspection of Dr. Cao's physical personal electronic devices at an early stage in the litigation), as well as personal information relating to Dr. Cao's compensation from XMotors.  Decl. of Mark R. Conrad ¶¶ 2-3.

Prior to filing its motion, Tesla provided XMotors and Dr. Cao with some of the protected materials that it intended to submit with its opposition brief, but for many other such materials, Tesla did not provide a chance for Dr. Cao to review them until the night that its opposition brief on XMotors' motion to quash was due.  *Id.* ¶¶ 3-4. With inadequate time to examine or consider the proper confidentiality designations that should be applied to the materials being filed, Tesla's motion was thus filed with all of these materials submitted for proposed sealing.  *Id.*

Having now had an opportunity to review Tesla's filing, Dr. Cao respectfully requests that the

- 1 -

Court seal only two items—three lines in Tesla's opposition brief, and six lines of his deposition testimony—that contain information about his personal salary and other compensation. Specifically, the material the Dr. Cao requests the Court to seal are:

- **ECF No. 046-8:** Page 222, Lines 16-21 of Exhibit 5 to the Declaration of Matthew Turetzky in Support of Plaintiff Tesla, Inc.'s Administrative Motion To File Certain Documents Under Seal (containing Dr. Cao's testimony regarding his proposed compensation package from XMotors)

- **ECF No. 46-4: Page 5, Lines 17-19 of Plaintiff Tesla, Inc.'s Opposition to Third-Party XMotors.ai, Inc.'s Motion To Quash or, in the Alternative, for Protective Order** (describing and citing Dr. Cao testimony regarding his proposed compensation package from XMotors)

Dr. Cao does not request sealing of any of the other information submitted by Tesla in connection with its opposition brief.

## II. LEGAL STANDARD

In the Northern District of California, "[a] sealing order may issue only upon a request that establishes that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law." N.D. Cal. Civ. L.R. 79-5(b). The party seeking to file materials under seal bears the burden to justify its sealing request with a "compelling reason." *Lawson v. Grubhub, Inc.*, No. 15-CV-05128-JSC, 2017 WL 2951608, at *9 (N.D. Cal. July 10, 2017) (citing *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006)). "A party may meet this burden by showing that the information sought to be withheld creates a risk of significant competitive injury and particularized harm. A party may also meet this burden by establishing that information contains trade secrets that create a risk of significant competitive injury and particularized harm, or where disclosure of the information would violate a party's legitimate privacy interest that similarly leads to such risk." *Karl Storz Endoscopy-Am., Inc. v. Stryker Corp.*, No. 14-CV-00876-RS (JSC), 2016 WL 7386136, at *6 (N.D. Cal. Dec. 21, 2016) (Corley, J.) (citing *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2006); *Apple, Inc. v. Psystar Corp.*, 658 F.3d 1150, 1161-62 (9th Cir. 2011); and *Landmark Screens, LLC v. Morgan, Lewis & Bockius LLP*, No. C08-2581 JF (HRL), 2010 WL 3221859, at *5 (N.D. Cal. Aug. 13, 2010)).

## III. ARGUMENT

The information that Dr. Cao seeks to seal relates only to the compensation package he was offered by XMotors. The sealing of financial information relating to Dr. Cao's compensation package from XMotors is justified for two separate and independent reasons—first, it is sensitive personal financial information whose disclosure would violate his legitimate privacy interests; and second, it constitutes business information whose disclosure would create a significant risk of competitive injury to XMotors.

### A. Dr. Cao's Privacy Interests

Dr. Cao considers his personal financial circumstances, including the terms of compensation that he was offered to be paid by XMotors, to be private and sensitive. Decl. of Guangzhi Cao ¶ 2. He does not publicly disclose this information or other information related to his family's financial condition. *Id.*

Compensation and other personal financial information of California employees is subject to a right of privacy under the California Constitution, and information about Dr. Cao's compensation should be kept under seal, given his substantial privacy interests in this information. *See Music Grp. Macao Commercial Offshore Ltd. v. Foote*, No. 14-CV-03078-JSC, 2015 WL 3993147, at *11 (N.D. Cal. June 30, 2015) (noting that compensation and other personal financial information are subject to the California right of privacy); *U.S. ex rel. Lockyer v. Hawaii Pac. Health*, No. CIV. 04-00596 ACK-LE, 2007 WL 128853, at *1 (D. Haw. Jan. 10, 2007) (finding good cause to redact "salary figures").

### B. XMotors' Competitive Business Interests

XMotors recruits employees, including highly trained engineers, in the competitive and narrow field of autonomous driving. Decl. of Xinzhou Wu ¶ 3. The compensation paid by XMotors to employees, or offered to job applicants, is commercially sensitive, and disclosure of this information would disadvantage XMotors and unjustly benefit its competitors in the competitive marketplace for top talent. *Id.*

Protecting "business information" whose public disclosure "might harm a litigant's competitive strategy" is among the "compelling reasons" that justify the filing of documents under seal. *Karl Storz*, 2016 WL 7386136, at *6 (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978)). Employee salary information for top talent at high-tech companies falls into this protected category, and

- 3 -

the sealing of such information is justified under Local Rule 79-5. *In re High-Tech Employee Antitrust Litig.*, No. 11-CV-02509-LHK, 2013 WL 163779, at *5 (N.D. Cal. Jan. 15, 2013) (granting motion to seal exhibits which included confidential information regarding the defendants' compensation and recruiting strategies, including quantitative data concerning those topics, upon finding that the disclosure of this information could cause the defendants' competitive harm); *In re Anthem, Inc. Data Breach Litig.*, No. 15-MD-02617-LHK, 2018 WL 3067783, at *2 (N.D. Cal. Mar. 16, 2018) (granting motion to seal the rates paid for services of contract workers).

DATED: April 17, 2020

Respectfully submitted,

CONRAD & METLITZKY LLP

*/s/ Mark R. Conrad*
MARK R. CONRAD
GABRIELA KIPNIS
Attorneys for Defendant Guangzhi Cao