Fred Norton (SBN 224725)
Bree Hann (SBN 215695)
Matthew W. Turetzky (SBN 280997)
**THE NORTON LAW FIRM PC**
299 Third Street, Suite 106
Oakland, California 94607
Tel: (510) 906-4900
Fax: (510) 906-4910
fnorton@nortonlaw.com
bhann@nortonlaw.com
mturetzky@nortonlaw.com

*Attorneys for Plaintiff*
TESLA, INC.

MARK R. CONRAD (CA Bar No. 255667)
GABRIELA KIPNIS (CA Bar No. 284965)
**CONRAD & METLITZKY LLP**
Four Embarcadero Center, Suite 1400
San Francisco, CA 94111
Tel:    (415) 343-7100
Fax:    (415) 343-7101
Email: mconrad@conradmetlitzky.com
Email: gkipnis@conradmetlitzky.com

*Attorneys for Defendant*
GUANGZHI CAO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TESLA, INC., a Delaware corporation,<br><br>    Plaintiff,<br><br>    v.<br><br>GUANGZHI CAO, an individual,<br><br>    Defendant. | CASE NO. 19-cv-01463-VC<br><br>**JOINT STIPULATION AND [PROPOSED] ORDER TO CONTINUE CERTAIN CASE MANAGEMENT DEADLINES** |

The parties to the above-entitled action jointly submit this Stipulation to Continue Certain Case Management Deadlines, which proposes to extend existing discovery and briefing deadlines in light of logistical difficulties created by the ongoing public health crisis related to COVID-19, but does not alter the existing dates for either the pretrial conference or trial in this matter.

WHEREAS, on February 5, 2020, at the joint request of the parties, the Court amended the case management schedule for this case and set a fact discovery cutoff date of May 28, 2020, an expert discovery cutoff of September 10, 2020, a summary judgment hearing date of November 19, 2020, and a trial date of January 25, 2021, *see* ECF No. 32;

WHEREAS, the proposed modification of the case management schedule would not change the trial date in this matter, but instead, would extend discovery and briefing deadlines, in each instance by a period of less than two months; and

WHEREAS, the parties jointly assert that good cause exists for a continuance of the deadlines set forth in the case management schedule, solely and exclusively for the purpose of completing written discovery and depositions that will have been exchanged or noticed by the existing discovery cutoff of May 28, 2020, for the following reasons:

The COVID-19 pandemic has significantly disrupted and will continue to disrupt the parties' ability to perform forensic analyses, conduct and conclude discovery, retain experts, exchange information with experts, and prepare for trial. Counsel for both parties continue to work on the case and make progress. However, the existing shelter in place orders for the Bay Area (currently in effect until May 31, and expected to extend further in modified form), the closure of businesses, schools, and courts, and the requirements of social distancing necessarily have created unavoidable delays and inefficiencies in the day-to-day practice of law, as the Court is no doubt already aware. These inefficiencies and delays, in and of themselves, have made it all but impossible for the parties to complete fact discovery (which includes several outstanding depositions, multiple pending motions, and potential additional discovery motions) by the current deadline of May 28, or to make adequate progress toward the expert discovery that would immediately follow. In addition to these general challenges, the parties also face significant specific challenges that they respectfully submit warrant a further continuance of the deadlines in this case.

*Ability to conduct forensic analyses.* This case requires review and extensive analysis of a very large quantity of forensic data. The restrictions on non-essential businesses have impeded or even stopped the parties' progress on those critical analyses and their ability to respond to discovery requests that require review and analysis of data. For example, Defendant has requested, and Tesla has granted, extensions of time to respond to discovery requests because Defendant's consultant's forensic tools and forensic images are both located in a lab that is under lockdown, and has been since at least March 19. Although Tesla's Maryland-based consultant was able to secure copies of forensic images before a shelter in place order was imposed, work that previously was performed by team now must be performed by a single individual working at home, using less powerful machines and tools than would otherwise be available. Some relevant analyses cannot be performed at all under those conditions on account of the number of files and the processing power required. If all shelter in place orders affecting relevant counsel and consultants are lifted on May 31, and consultants are able to return to their offices and equipment, the parties still do not believe that they could reasonably complete the work necessary to conclude fact discovery and make needed progress on expert analyses.

In addition to these already pending tasks, Tesla anticipates that it will obtain and need to analyze a large volume of additional data, including both source code and forensic computer images, that it subpoenaed from Defendant's employer, XMotors, in January 2020. After extensive meet and confer efforts, XMotors has moved to quash that subpoena with respect to the source code, forensic images, and certain other requests (ECF No. 44), and the hearing on that motion is set for May 28, 2020, the last day of the fact discovery period. If the Court requires XMotors to produce the data Tesla has sought, XMotors will require some amount of time to make the production, and then Tesla and Defendant will need to examine the data, including to conduct forensic analyses that have been impeded by the current shelter-in-place restrictions. The proposed schedule would allow time for that production and examination.

Tesla notes that, depending on the volume of discovery XMotors is required to produce, and the time it takes to deliver it, there may need to be a further extension of fact discovery or expert discovery deadlines, but Tesla remains committed to attempting to complete all discovery on the schedule proposed herein, and preserving the trial date. Defendant objects to further extensions to the discovery

schedule and submits that any problems created by the production of discovery materials by XMotors at this late stage of the litigation is a problem caused by Tesla's delay in seeking it.

*Ability to conduct discovery.* In addition to the data-related discovery tasks described above, the COVID-19 pandemic will delay the parties' ability to conduct other discovery. In addition to the depositions that are already concluded, Defendant has noticed depositions of five Tesla employees, and a 30(b)(6) witness on 8 topics. These depositions were calendared for February 2020, were taken off calendar by mutual agreement of the parties, were held in abeyance in light of the COVID-19 crisis, and were re-noticed for May 2020 in order to comply with the current deadlines. The parties have agreed that taking these depositions in early June and early July would be in the best interests of all parties in light of the complex subject matter of the case and the logistical difficulties otherwise presented by proceeding with these depositions while sheltering-in-place. Tesla has served XMotors with a deposition subpoena on 12 topics (two of which are subject to XMotors' motion to quash).

While it is of course possible to prepare witnesses and take depositions remotely, with each participant at separate location, it would be especially difficult to do so in this case, and potentially prejudicial to the parties' abilities to obtain the evidence necessary to prepare the case for trial. The subject matter of the depositions is expected to be highly technical and document intensive. Very few of the witnesses have been deposed before. Several of the witnesses speak English as their second language or speak English with an accent that would pose difficulties for counsel and court reporters under normal deposition conditions. And of course, this case, which involves the alleged misappropriation of Tesla's autonomous driving source code, is of great significance to the company. In light of all these circumstances, Tesla believes it would unfairly prejudice its ability to prepare its witnesses and have them deposed if Tesla were unable to do so in person. Tesla does not contend that these concerns are paramount in every deposition, however, and the parties have agreed to proceed with depositions of two Tesla witnesses and the 30(b)(6) topics they are designated for, in order to continue to make progress on the case, even if the shelter in place order is not lifted in time to allow those depositions take place in person.

*Retention of experts and exchange of information with experts.* In anticipation of expert discovery, the parties have been working with their consulting experts and interviewing testifying

experts.  Like everything else, this process has been slowed by the COVID-19 pandemic.  Even once an expert is retained, however, the parties are significantly constrained in their ability to provide the experts with the forensic images and underlying data that are necessary for the experts to conduct their analyses, for the reasons explained above.

*Personal matters affecting Tesla counsel*.  Tesla is represented by three attorneys of the Norton Law Firm in this matter (Fred Norton, Bree Hann, and Matthew Turetzky), all of whom have been involved since the filing of the complaint.  Ms. Hann's father passed away unexpectedly while in Kansas attending a family wedding.  In the next few weeks, Ms. Hann will need to travel to Kansas and then drive her mother, who cannot fly, home to southern California.  Ms. Hann's mother requires breaks from the car ride, and the trip is expected to take at least four days.  Ms. Hann then intends to help her mother get settled, and then return to work.  Mr. Turetzky's wife ruptured her ACL and MCL in February.  She was scheduled for surgery for March 31, but that surgery date was postponed in light of the COVID-19 pandemic.  Mr. Turetzky's wife is now scheduled for surgery on May 12.  Mr. Turetzky will need to wait for his wife outside the hospital on May 12.  For several days after the surgery, she will be medicated and mostly confined to bed with her knee locked and elevated, and Mr. Turetzky will need to be present to assist her with bandages, the brace, meals, and personal matters.  In the following days Mr. Turetzky will still need to attend to his wife and will need to take her to her first post-operation appointment.  Cao currently has five depositions of Tesla personnel, plus a 30(b)(6) deposition, scheduled between May 12 and May 27. Tesla has noticed two third-party depositions during the same period, and anticipates noticing one or two more.  It is not possible for Tesla counsel to adequately prepare for and attend these depositions given the personal family obligations and the additional complicating factors of the pandemic.

The parties are optimistic that shelter in place orders, travel restrictions, and social distancing directives will be relaxed by the end of May, and counsel, consultants and witnesses will be able to return to their workplaces, obtain childcare as needed, and travel, even if there are still limitations on some of those activities.  In that event, the parties are confident that they could conclude discovery and prepare the case for trial on the schedule below, which extends discovery cutoffs by approximately

eight weeks, but shortens subsequent phases such that the trial date would remain unchanged. In addition, deadlines that have already passed in the case would not be revived by the extension.

NOW, THEREFORE, in light of the facts and circumstances described above, IT IS HEREBY STIPULATED by and between the parties, pursuant to Civil L.R. 6-1(b), as follows:

1. That the case schedule be modified as follows:

| Deadline | Current Date | New Date |
|---|---|---|
| Fact discovery deadline | May 28, 2020 | July 24, 2020 |
| Designation of experts | July 10, 2020 | August 21, 2020 |
| Rebuttal reports | Aug. 3, 2020 | September 14, 2020 |
| Close of expert discovery | Sept. 10, 2020 | October 16, 2020 |
| Last day to hear dispositive motions | Nov. 19, 2020, at 10:00 AM | December 3, 2020 |
| Final Pretrial Conference | Jan. 4, 2021 at 1:30 PM | No change |
| Trial | Jan. 25, 2021 at 8:30 AM | No change |

2. That the extension of the deadline for the completion of fact discovery shall be allowed solely and exclusively for the purpose of completing the exchange of discovery materials that have been requested or subpoenaed, or for taking depositions that have been noticed, *prior* to the existing fact discovery cutoff of May 28, 2020, and that the additional time provided beyond this date for the completion of discovery shall not be used by the parties to propound additional discovery requests either to one another (as to which the deadline under Local Rule 37-3 has already passed) or to third parties. In light of the ongoing COVID-19 pandemic, the parties shall not be required to serve discovery directed at third parties prior to May 28, so long as they have provided notice to one another by that date and ultimately effect proper service.

//
//
//
//
//
//
//
//

1  In the event the Court is not inclined to sign the attached proposed order or requires additional
2  information or argument on the matters covered herein, the parties request that a status conference be set
3  for the earliest available date on the Court's calendar.

 

Respectfully submitted,

Date:  May 1, 2020  CONRAD & METLITZKY LLP


*/s/ Mark R. Conrad*
MARK CONRAD
GABRIELA KIPNIS
Attorneys for Guangzhi Cao


Date:  May 1, 2020  THE NORTON LAW FIRM


*/s/ Fred Norton*
FRED NORTON
BREE HANN
MATTHEW W. TURETZKY
Attorneys for Tesla Inc.

## **DECLARATION OF CONSENT**

The undersigned attests, pursuant to Civil L.R. 5-1(i)(3), that concurrence in the filing of the document has been obtained from the other signatories to this document.

Date:  May 1, 2020                                             */s/ Mark R. Conrad*

**[PROPOSED] ORDER CONTINUING CERTAIN CASE MANAGEMENT DEADLINES**

Pursuant to the stipulation of the parties, the Court hereby orders:

1. That the case schedule be modified as follows:

| Deadline | Current Date | New Date |
|---|---|---|
| Fact discovery deadline | May 28, 2020 | July 24, 2020 |
| Designation of experts | July 10, 2020 | August 21, 2020 |
| Rebuttal reports | Aug. 3, 2020 | September 14, 2020 |
| Close of expert discovery | Sept. 10, 2020 | October 16, 2020 |
| Last day to hear dispositive motions | Nov. 19, 2020, at 10:00 AM | December 3, 2020 |
| Final Pretrial Conference | Jan. 4, 2021 at 1:30 PM | No change |
| Trial | Jan. 25, 2021 at 8:30 AM | No change |

2. That the extension of the deadline for the completion of fact discovery shall be allowed solely and exclusively for the purpose of completing the exchange of discovery materials that have been requested or subpoenaed, or for taking depositions that have been noticed, *prior* to the existing fact discovery cutoff of May 28, 2020, and that the additional time provided beyond this date for the completion of discovery shall not be used by the parties to propound additional discovery requests either to one another (as to which the deadline under Local Rule 37-3 has already passed) or to third parties. In light of the ongoing COVID-19 pandemic, the parties shall not be required to serve discovery directed at third parties prior to May 28, so long as they have provided notice to one another by that date and ultimately effect proper service.

**IT IS SO ORDERED.**

Date: May ____, 2020

HON. VINCE CHHABRIA
UNITED STATES DISTRICT JUDGE