UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TESLA, INC.,<br><br>             Plaintiff,<br><br>     v.<br><br>GUANGZHI CAO,<br><br>             Defendant. | Case No. 19-cv-01463-VC<br><br>**ORDER RE PENDING MOTIONS**<br>Re: Dkt. Nos. 44, 46, 51, 56, 59, 69 |

    1. XMotors's motion to quash is granted in part and denied in part. XMotors must produce the requested source code and source code logs, and these topics may be discussed in the 30(b)(6) deposition. This information is relevant to Tesla's claim that Cao disclosed Tesla's trade secrets to XMotors. Of course, this information is subject to the protective order in this case. Tesla and XMotors are instructed to meet and confer regarding whether a neutral third-party should examine the source code in the first instance.

    XMotors must also produce the requested forensic images, but it does not need to provide images of the computers of persons not employed by XMotors. Tesla has not demonstrated that XMotors has legal control over those computers. *See In re Citric Acid Litigation*, 191 F.3d 1090, 1107 (9th Cir. 1999).

    XMotors need not produce the grand jury materials related to Mr. Zhang. The relevance of these materials to Tesla's claims against Cao is speculative and tenuous, and Tesla has not shown that obtaining these materials at this time is proportional to the needs of the case.

    2. Tesla's administrative motion to file a sur-reply is denied.

    3. The administrative motions to file under seal are denied. Tesla must re-file public and

unredacted versions of its opposition brief and the relevant deposition testimony on the docket within 7 days of this order.

    4. Tesla's motion to compel is denied. As previously discussed, information related to Mr. Zhang's conduct is of only speculative relevance to Tesla's claims against Cao. Discovery of this information is not proportional to the needs of this case at this time, especially given the potential for interference with an ongoing criminal prosecution, a concern raised by the U.S. Attorney. Dkt. 67-7. Furthermore, the striking breadth of Tesla's subpoena requests entitles Zhang to raise his Fifth Amendment privilege against self-incrimination. *See In re Grand Jury Subpoena*, 383 F.3d 905, 911 (9th Cir. 2004). For example, Tesla does not confine its requests to information already possessed by the government, so Zhang could be forced to identify and produce new incriminating information.

    **IT IS SO ORDERED.**

Dated: May 27, 2020

                                              VINCE CHHABRIA
                                              United States District Judge