United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TESLA, INC., <br><br> Plaintiff, <br><br> v. <br><br> GUANGZHI CAO, <br><br> Defendant. | Case No. 19-cv-01463-VC (KAW) <br><br> **ORDER REGARDING DISCOVERY LETTERS** <br><br> Re: Dkt. Nos. 78, 79 |

Plaintiff Tesla, Inc. filed the instant case against Defendant Guangzhi Cao, its former employee. (Compl. ¶ 2.) Plaintiff alleges that Defendant may have provided its proprietary source code to Defendant's new employer, Xiaopeng Motors Technology Company Ltd. ("XMotors"), a company that is also developing self-driving and electric vehicle technology. (Compl. ¶¶ 2, 6-8.) XMotors is not a party to this suit.

On March 31, 2020, XMotors filed a motion to quash Plaintiff's discovery requests, including for its source code and source code logs, as well as forensic images of the computers of several XMotors employees. (Dkt. No. 45.) On May 27, 2020, the presiding judge denied the motion to quash as to these requests. (Dkt. No. 75 at 1.) On June 19, 2020, the parties filed joint discovery letters concerning the form of XMotors's compliance with the May 27, 2020 order. (Dkt. No. 78 at 1; Dkt. No. 79 at 1.)

Having reviewed the discovery letters and the relevant legal authority, the Court finds this matter suitable for disposition without a hearing. The Court ORDERS XMotors to produce the forensic images after conducting a privilege review. XMotors proposes removing privileged or private information from the forensic images, or producing the forensic images to a third-party neutral, who will only provide files that Plaintiff specifically requests. (Dkt. No. 78 at 4.) The

presiding judge, however, ordered the production of the requested forensic images without limitation.[1]  Further, XMotors's proposals would permit it to unilaterally remove data that could be relevant, or to impose on Plaintiff the burden of requesting searches without knowing what is contained in the forensic images.

As to the source code, the presiding judge ordered its production but instructed the parties "to meet and confer regarding whether a neutral-third party should examine the source code in the first instance." (Dkt. No. 75 at 1.)  The Court is unpersuaded by Plaintiff's arguments that examination by a third-party neutral is not workable.  While Plaintiff contends it intended to have "its experts directly compare XMotors' source code with the Tesla code Cao downloaded," Plaintiff fails to explain why a third-party neutral could not perform the same function.  (*Id.* at 1.)  Indeed, it appears the parties had proposed several such individuals before, but could not come to an agreement as to the scope of a search.  (*Id.* at 5.)

Accordingly, the Court ORDERS the parties to select a third-party neutral to examine the source code in the first instance.  The third-party neutral will then produce to Plaintiff the code that appears similar to Plaintiff's code.  The Court further ORDERS the parties to meet and confer as to a search protocol to determine which code should be produced.  With respect to a protocol, the Court agrees with Plaintiff that XMotors' proposal that a protocol that omits open source or third-party code is improper; how code is used, even if open source or created by third-parties, is relevant when comparing the source codes.  (*See* Dkt. No. 79 at 2.)  The Court also agrees with Plaintiff that deletions for "patently extraneous code" are improper unless both sides agree that such code is extraneous.

IT IS SO ORDERED.

Dated: June 26, 2020

KANDIS A. WESTMORE
United States Magistrate Judge

---

[1] In contrast, the presiding judge did contemplate a third-party neutral as to the source code. (*See* Dkt. No. 75 at 1.)