Fred Norton (SBN 224725)
Bree Hann (SBN 215695)
Nathan L. Walker (SBN 206128)
Matthew W. Turetzky (SBN 280997)
THE NORTON LAW FIRM PC
299 Third Street, Ste 106
Oakland, California 94607
Telephone: (510) 906-4900
Fax: (510) 906-4910
fnorton@nortonlaw.com
bhann@nortonlaw.com
nwalker@nortonlaw.com
mturetzky@nortonlaw.com

*Attorneys for Plaintiff*
TESLA, INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| TESLA, INC., a Delaware corporation,<br><br>  *Plaintiff*,<br><br>v.<br><br>GUANGZHI CAO, an individual,<br><br>  *Defendant*. | Case No. 19-cv-01463-VC<br><br>**DECLARATION OF MATTHEW TURETZKY IN SUPPORT OF UNOPPOSED MOTION BY TESLA, INC. AND XMOTORS.AI, INC. TO ENLARGE TIME FOR THE DEPOSITIONS OF XMOTORS.AI, INC. AND ITS EMPLOYEE XINZHOU WU** |

Case No. 19-cv-01463-VC

DECLARATION OF M. TURETZKY IN SUPPORT OF TESLA'S UNOPPOSED MOT. TO EXTEND TIME

**DECLARATION OF MATTHEW TURETZKY**

I, Matthew Turetzky, declare as follows:

1. I am an attorney licensed to practice law in California. I am a senior associate at The Norton Law Firm PC, counsel of record for Plaintiff Tesla, Inc ("Tesla"). Except where otherwise stated, the statements in this declaration are based on my own personal knowledge and, if called to do so, I could and would testify competently to them.

2. On January 17, 2020, Tesla served subpoenas on XMotors.ai, Inc.'s ("XMotors") seeking a production of certain XMotors source code an XMotors witness to provide deposition testimony about that code. Tesla has also served a subpoena for the deposition of Xinzhou Wu, XMotors' CEO, in his individual capacity.

3. In September 2020, XMotors and Tesla scheduled the Rule 30(b)(6) deposition of XMotors and the percipient witness deposition of Mr. Wu for October 29 and 30, respectively. It is my understanding from previous correspondence with XMotors' counsel that Xinzhou Wu will be XMotors' representative; XMotors prefers to hold the Rule 30(b)(6) deposition and Mr. Wu's percipient witness deposition on consecutive days; and XMotors has agreed to make the witness available pursuant to the Federal Rules, that is, when Tesla is fully prepared to take the depositions. Tesla will not be prepared to take the deposition until it has reviewed the deponent's laptop image as well as information to be provided by Tesla's expert regarding source code. XMotors has stated that it will not make the witness available twice.

4. On September 23, 2020, XMotors produced, in response to Tesla's subpoena, a forensic image of what I understand is Xinzhou Wu's laptop that he used in 2019. Tesla received this forensic image on September 24, 2020. The image purported to have removed privileged material and source code. Given that Mr. Wu is the anticipated Rule 30(b)(6) witness, Tesla needs Mr. Wu's laptop image to obtain relevant information for use at both depositions.

5. Mr. Wu's laptop image contains Chinese-language documents. Those documents must be translated to English for use at the Rule 30(b)(6) deposition and Mr. Wu's percipient witness deposition (both of which will be taken in English). Tesla's translation vendor requires at least one week of lead time to translate Chinese documents to English.

6.     On October 20, 2020, I located communications on Wu's 2019 laptop image that appeared to be attorney-client privileged.  I immediately ceased reviewing the image, notified XMotors' counsel Zheng Liu, and asked for instructions on how to proceed.  Ms. Liu responded indicating she would provide instructions shortly.

7.     On October 21, 2020, Ms. Liu's colleague, Scott Raber, instructed me to destroy all copies of documents from the Wu 2019 laptop image and return the original.  I complied with Mr. Raber's instruction and informed Tesla's vendors to do the same.  Mr. Raber has informed me that XMotors will produce a replacement as soon as possible.

8.     Even if XMotors were to produce the Wu 2019 forensic image tomorrow, there is no longer enough time to make use of that information at the XMotors and Wu depositions.  Once XMotors produces the forensic image, Tesla will need to load and process the data in its e-discovery system, run searches for relevant documents, send potentially relevant Chinese-language documents to Tesla's translation vendor, review the relevant documents, and then organize them for potential use at the deposition.  All of that cannot occur between now and October 29, 2020.

9.     Additionally, the parties' efforts to find, vet, and select a source code neutral took longer than anticipated. Based on correspondence from XMotors counsel, I understand that XMotors has not yet delivered source code to the source code neutral (although XMotors has represented that it is ready to do so), because the parties have been engaged in ongoing discussions with the neutral regarding security needed for the neutral's code review, the mechanics of how that code will be reviewed, and how potential search results will be transmitted back to them by the neutral.  Once the neutral receives the source code, he needs to load that source code, run queries, and only then can return data to the parties.  Tesla will not likely obtain any information that can be used at XMotors' and Mr. Wu's depositions before October 29, 2020, or before the current fact discovery cut off (November 13).

10.    On October 20 and 21, 2020, I received a series of emails between my colleague Fred Norton, co-counsel for Tesla, and Wendy Lazerson, counsel for XMotors.  The parties agreed it would be sensible to allow the party experts to see produced source code and related

information before taking the Rule 30(b)(6) deposition of XMotors as well as the individual deposition scheduled for Xinzhou Wu. After discussion among counsel, the parties agreed that it was best to continue the depositions to the first week of December.

11. After Mr. Norton asked Ms. Lazerson to propose dates that Mr. Wu is available, Ms. Lazerson proposed December 2, 3, and 4. Mr. Norton indicated that those days are acceptable to Tesla.

12. Defendant Guangzhi Cao's counsel, Gabriela Kipnis, stated that defendant Guangzhi Cao would not oppose the motion. Ms. Lazerson indicated that XMotors would join a request for continuance.

13. The extension Tesla requests – an enlargement of time for Tesla to take the two XMotors depositions through December 4, 2020 – is not sought for to harass or delay.

14. The current schedule was set by the Court's Order (Dkt. No. 101) dated September 8, 2020 in response to Tesla's motion dated July 24, 2020 (Dkt. No. 86). The schedule will be unaffected by an Order granting this Motion. The current schedule is as follows:

    a. Fact discovery deadline: Nov. 13, 2020
    b. Designation of experts: Jan. 15, 2021
    c. Rebuttal reports: Feb. 19, 2021
    d. Close of expert discovery: Mar. 12, 2021
    e. Last day to hear dispositive motions: Apr. 1, 2021
    f. Last pretrial conference: May 11, 2021
    g. Trial: May 24, 2021

15. Before its September 8, 2020 scheduling order issued in response to Tesla's July 24, 2020 motion, the Court had previously modified the case schedule by stipulation on May 14, 2020 and February 5, 2020 (three times total). The Court has not prohibited future extensions. The initial case schedule was set by Order dated July 10, 2019.

1    I declare under penalty of perjury under the laws of the United States that the above
2  statements of fact are true and correct and that this declaration was executed on October 22, 2020,
3  in Fremont, California.

_____
Matthew Turetzky