# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| TESLA, INC., a Delaware corporation,<br><br>*Plaintiff*,<br><br>v.<br><br>GUANGZHI CAO, an individual,<br><br>*Defendant*. | Case No. 19-cv-01463-VC<br><br>**JOINT DISCOVERY LETTER OF PLAINTIFF TESLA, INC. AND DEFENDANT GUANGZHI CAO REGARDING DEFENDANT'S AMENDED RESPONSES TO PLAINTIFF'S REQUESTS FOR ADMISSION** |

Counsel for Tesla and counsel for Defendant Guangzhi Cao have met and conferred telephonically prior to filing this joint letter, most recently on November 16, 2020. Undersigned counsel hereby attest that they have complied with Section 9 of the Northern District's Guidelines for Professional Conduct regarding discovery prior to filing the joint letter.

| | |
|---|---|
| THE NORTON LAW FIRM PC | CONRAD & METLITZKY LLP |
| By: /s/ Fred Norton<br>Fred Norton (SBN 224725) | By: /s/ Mark Conrad<br>Mark Conrad (SBN 255667) |
| *Attorneys for Plaintiff*<br>**TESLA, INC.** | *Attorneys for Defendant*<br>**Guangzhi Cao** |

Pursuant to Local Rule 5.1(i)(3), I attest that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

Dated: November 20, 2020          By:   /s/ *Fred Norton*
                                            Fred Norton

---

CASE NO. 19-CV-01463-VC                - 1 -                JOINT DISCOVERY LETTER BRIEF

4847-3948-0018, v. 7

**Tesla's Position**

Cao has failed to comply with the Court's September 2, 2020 Order that directed him to "provide frank answers" to Tesla's RFAs 29-34, 45-47, 56-63, 73-81, 83, 89-97, and 102 (the "RFAs" (*see* Exhibit A, attached)) or "set forth in detail the reasons why [he could not] truthfully admit or deny the matter." The Court should now order that the RFAs are deemed admitted.

Tesla's RFAs ask Cao, a former Tesla employee, to admit that he saved Tesla Autopilot Source Code to certain devices before he left Tesla to join a competitor and that he continued to possess Autopilot Source Code thereafter. Rather than answer these RFAs with admissions or denials, Cao objected. On July 31, 2020, the parties filed a Joint Discovery Letter Brief in which Tesla contended that Cao's objections were improper and that pursuant to Fed. R. Civ. P. 36(a)(6), the Court should issue an order deeming the RFAs admitted, or, in the alternative, requiring Cao to answer them. *See* Dkt. No. 94.

As Tesla explained in that joint brief, Cao's objections were an improper "attempt[] to evade an admission of an element of [Tesla's] claim[s]." Dkt. No. 94 at 2. "Cao may argue at trial that he did not intentionally perform the conduct described in these RFAs. But the RFAs do not ask for Cao to admit or deny his intent – only to admit or deny what he ***did***." *Id.*

On September 2, 2020, the Court entered an Order agreeing with Tesla, finding Cao's objections improper, and ordering Cao to respond to the RFAs as follows:

> Plaintiff's RFAs ask if Defendant performed a certain act; whether or not he acted intentionally is a separate matter. Defendant suggests he may propose an alternative wording if he does not agree with the exact wording of the RFAs. (Dkt. No. 94 at 5.) The cases cited by Defendant only state that a party may propose alternative wording if the terms are vague or not specific enough; Defendant cannot rewrite the RFA simply because he disagrees with Plaintiff's definition of a term. Instead, ***Defendant should "provide[] frank answers to these requests," or "'set forth in detail the reasons why [he could not] truthfully admit or deny the matter.'"*** *Marchand v. Mercy Medical Ctr.*, 22 F.3d 933, 938 (9th Cir. 1994) (quoting Fed. R. Civ. P. 36(a).) Accordingly, ***the Court ORDERS Defendant to respond to the RFAs without limiting them to intentional conduct.*** Defendant shall respond within 14 days of the date of this order.

Order at 4-5 (Dkt. No. 99) (emphasis added).

Cao did not comply with the Court's Order. Although Cao amended his RFA responses, he reasserted his original objections, inserted irrelevant narrative and argument, and did not either admit, deny, or state he cannot (and why he cannot) admit or deny the matters for which admissions are requested.

On October 14, the parties met and conferred. Tesla explained that Cao's amended RFA responses violate the Court's Order, which required "frank answers to these requests," and re-raise objections to the terms "saved," "created," and "accessible" – objections this Court already overruled. Tesla requested Cao provide a simple admission, denial, or detailed reasons why he could not truthfully admit or deny.

In response, Cao further amended some RFA responses (Nos. 29-31, 92-97, and 102) to concede that, based on the Court's Order, the terms used by Tesla's RFAs "should be construed to encompass the storage of data by intentional or unintentional conduct." But in his further amended responses, Cao maintained his original objections and again failed to either admit, deny, or state that he cannot (and why he cannot) admit or deny the matters for which admissions are requested. As one example, in response to RFA 30, which asked Cao to "admit that YOU SAVED AUTOPILOT SOURCE CODE in the folder 'iCloud Drive (Archive) – 1' on YOUR TESLA LAPTOP," Cao amended his response with the following:

> Defendant objects to the term "SAVED" on the grounds that it is defined to include automatic machine behavior, rather than affirmative user conduct, and is thus misleading, but responds based on the instructions provided by Tesla, as clarified by the Court, that the term should be construed to encompass the storage of data by intentional or unintentional conduct. Defendant objects to the term "AUTOPILOT SOURCE CODE" as vague, ambiguous, compound, misleading and unintelligible; Tesla has failed to identify the specific folders or files it contends fall within this definition. Accordingly, Defendant interprets the term "AUTOPILOT SOURCE CODE" to mean the files identified by Tesla in its response to Cao's Interrogatory No. 1. Subject to the foregoing, Defendant responds that, in their Joint Stipulation of Undisputed Facts Regarding Forensic Evidence, the parties stipulated that there is a folder on his TESLA LAPTOP named "iCloud Drive (Archive) – 1." Defendant admits that some of the files in that folder have the same names as those identified by Tesla in its response to Cao's Interrogatory No. 1. Defendant further admits that he connected his TESLA LAPTOP to his personal iCloud Drive account and that the files in the folder named "iCloud Drive (Archive) - 1" include files that he stored in his iCloud Drive account, but he has no specific recollection of the timing or method by which such files came to be stored in the specific "iCloud Drive (Archive) - 1" folder.

Cao's Proposed Amended Response to RFA 30. Cao's answer neither admits, denies, nor states that he cannot (and why had cannot) admit or deny to the matter for which RFA 30 requests an admission. Cao made no changes to his other amended RFA responses (32-34, 45-47, 56-63, 73-81, 83, and 89-91) and maintained his original objections.

The parties met and conferred again on November 16. Tesla again asked Cao to amend his RFA responses to provide simple admissions, denials, or why he could not do either. Cao refused.

Objections and qualifications are not appropriate responses to Tesla's RFAs. The Court ordered Cao

to "provide frank answers to these requests" or "set forth in detail the reasons why [he could not] truthfully admit or deny the matter." (Dkt. No. 99 at 4-5.) Cao ignored the Court's Order and responded with overruled objections, alternative narrative, and argument. That is improper.

Cao improperly attempts to justify his rehashed objections and arguments by asserting that Tesla is using its RFAs as "sleight of hand." It is Cao, not Tesla, who is playing games with these RFAs. Cao does not deny he took Tesla's Autopilot Source Code. He merely quibbles with Tesla's definitions of "AUTOPILOT SOURCE CODE" and "SAVED." The Court already rejected these arguments and ordered Cao to provide "frank answers." Cao's responses are evasive; they do not admit or deny the matters for which admissions are requested, nor do they set forth in detail reasons why he cannot truthfully admit or deny the matters.

The Court should order that RFAs 29-34, 45-47, 56-63, 73-81, 83, 89-97, and 102 (set forth in Exhibit A) are deemed admitted by Cao pursuant to Fed. R. Civ. P. 36(a)(6). *See Asea, Inc. v. S. Pac. Transp. Co.*, 669 F.2d 1242, 1245 (9th Cir. 1981) (when party fails to "comply with the literal requirements of Rule 36(a), district court may, in its discretion, deem the matter admitted.").

**Cao's Position In Response To Tesla:**

Defendant Guangzhi Cao did precisely what the Court previously ordered him to do, and what the law requires of him in this situation: he provided responses that admitted or denied Tesla's requests, but qualified those responses to avoid "unwarranted and unfair inferences." *Flanders v. Claydon*, 115 F.R.D. 70, 72 (D. Mass. 1987) (quoting *Johnstone v. Cronlund*, 25 F.R.D. 42, 44 (E.D. Pa. 1960)). Cao's responses are fair and appropriate. The clarifying information he provided to Tesla was necessary because Tesla's requests do not permit a "simple" yes-or-no response. They require explanation. While Tesla may not *like* Cao's explanations, these explanations do not provide a basis for the Court to compel any further response, let alone deem Tesla's misleading requests admitted.

*****

Tesla's goal in this case is to portray Defendant Guangzhi Cao as a thief, which he is not. One of the central disputes in the case involves Tesla's effort to cast Cao as a villain for uploading files to a personal cloud storage account, which then synced, in certain instances entirely inadvertently and unbeknownst to him, onto different computers and personal electronic devices. This includes files that

were synced, saved, stored or otherwise retained *en masse*—sometimes days, weeks, or even *months* after any deliberate user action or other knowing conduct by Cao.

In its zeal to portray otherwise innocuous evidence in a light more favorable to it, Tesla has therefore resorted to sleight of hand. The requests for admission ("RFAs") at issue in this discovery motion are a good example of the problem.

In numerous RFA's, Tesla asked Cao to admit that "YOU SAVED AUTOPILOT SOURCE CODE," citing specific files *that the parties have already stipulated are located in specific directories on Cao's computers or electronic devices*. Because the files at issue were almost always saved as a result of automated computer activity—in many instances, unbeknownst to and unprompted by any file- or even any device-specific action by Cao—Tesla has concocted "definitions" that alter the ordinary meaning of the terms it has used. For example, the term "SAVED" is defined to mean "to cause an electronic device to store data of any kind for any period of time, intentionally or unintentionally." The term "AUTOPILOT SOURCE CODE" is defined to include "any source code"—not just Tesla's, but also third-party or open source code files—that may be "contained" within various repositories owned by Tesla. In other words, Tesla is using definitions that capture unintentional and unknowing storage of files (including files that are neither proprietary nor confidential) in specific directories on specific devices, when Cao may have had no idea that such files were ever stored or saved in or on them.

In his initial response to these RFAs, Cao therefore responded by proposing alternate—and, he believed, fairer—definitions of misleading or disputed terms that Tesla had used, and then answering Tesla's requests using those definitions. For example, Cao answered most RFAs based on an interpretation of the word "SAVED" that required some sort of deliberate or knowing conduct by him. *See* Dkt. No. 94 at 5 (citing *Marchand v. Mercy Med. Ctr.*, 22 F.3d 933, 938 (9th Cir. 1994), for the proposition that "[a] party who is unable to agree with the exact wording of the RFA is entitled to propose an alternate wording or stipulation.").

Tesla disapproved of this approach and moved to compel further responses. The Court granted Tesla's motion. Dkt. No. 99. The Court held that Cao could not "rewrite" the RFAs "simply because he "disagrees with Plaintiff's definition of a term." *Id.* at 4. The Court thus ordered Cao to respond to the RFAs "without limiting them to intentional conduct." *Id.*

1    That is exactly what Cao has done. As set forth in Exhibit A, and as shown in the response
2 excerpted by Tesla above, Cao provided responses to Tesla's requests without in any way "rewriting"
3 Tesla's request, but instead, by incorporating and referring to Tesla's own definitions. As illustrated by
4 the example above, Cao noted that the term "SAVED" includes both intentional and unintentional
5 conduct. He further noted the parties' stipulation establishing (and thus admitting) some of the facts
6 embedded in Tesla's request, such as the location of the particular file in a particular directory. And
7 finally, with respect to the question of his own conduct, Cao replied that he "has no specific recollection
8 of the timing or method by which such files came to be stored" in the specific location at issue. That is a
9 "frank answer" to Tesla's question, and it fulfills Cao's discovery obligations.

10    Cao acknowledges the Court's prior ruling that he may not "rewrite" Tesla's definitions. But of
11 course, he is not required instead to adopt Tesla's misleading definitions without appropriate
12 clarification. Federal law recognizes that litigants are entitled to defend themselves against misleading
13 and deceptive RFAs, which contain "some truth" but are made "out of context." *Flanders v. Claydon*,
14 115 F.R.D. 70, 72 (D. Mass. 1987) (quoting *Johnstone v. Cronlund*, 25 F.R.D. 42, 44 (E.D. Pa. 1960)).
15 Specifically, the law allows parties to explain their responses so that "unwarranted and unfair
16 inferences" are not drawn against them. *Id.*; *see also MGA Entm't, Inc. v. Hartford Ins. Co. of the
17 Midwest*, No. CV097461DOCRNBX, 2011 WL 13142525, at *2 (C.D. Cal. Oct. 27, 2011) (holding that
18 a party responding to RFAs "may reasonably qualify its response" or add "a clarifying qualification" in
19 order "to explain the surrounding context" so that responses are not misconstrued); *Laryngeal Mask. Co.
20 Ltd. v. Ambu A/S*, No. 07-cv-1988-DMS (NLS) 2009 WL 9530359, at *15 (S.D. Cal. Sept. 23, 2009)
21 (holding that a party is "not required to admit to a misleading half truth or to requests that unfairly imply
22 a fact not admitted"); *Collins v. JC Penney Life Ins. Co.*, No. 02CV0674-L LAB, 2003 WL 25945842, at
23 *10 (S.D. Cal. May 6, 2003) (holding that litigant may provide "a qualified response" to RFAs "if
24 necessary to avoid unwarranted and unfair inferences").

25    Here, Cao's revised responses appropriately note the definitions contained in Tesla's requests.
26 On the basis of Tesla's own defined terms, and without altering them, Cao then admits or acknowledges
27 facts embedded in Tesla's requests, or responds by explaining why he cannot admit them. His responses
28 are appropriate: nothing further is required, and no additional responses should be compelled.